UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL W. BUCKNER,
MICHAEL O. MCKOWN,
PAUL PICCOLINI, and
CARLO TARLEY *as Trustees
of the* United Mine Workers of
America 1992 Benefit Plan,

        Plaintiffs,

v.                                        CIVIL ACTION NO.  5:21-cv-00472

BLUESTONE COAL CORPORATION and
BLUESTONE INDUSTRIES, INC. and
KEYSTONE SERVICE INDUSTRIES, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs' Motion for Summary Judgment, filed October 11, 2022. [Doc. 28].  The matter is ready for adjudication.

**I.**

Plaintiffs, Trustees of the United Mine Workers of America 1992 Benefit Plan (the "1992 Plan"),[1] instituted this action on behalf of one retiree and his dependent spouse against Bluestone Coal Corporation, Bluestone Industries, Inc., and Keystone Service Industries, Inc. (collectively, the "Defendants") to collect delinquent monthly per beneficiary premiums allegedly

---

[1] Plaintiffs moved to substitute Plaintiff Michael W. Buckner in place of Michael H. Holland. [Doc. 27]. Mr. Buckner replaced Mr. Holland as a Trustee of the 1992 Plan. Noting no opposition, the Court **GRANTS** the Motion. The Clerk is directed to amend the style of the case as the Court has done above.

due under the Coal Industry Retiree Health Benefit Act of 1992 (the "Coal Act").

Congress enacted the Coal Act to remedy a crisis in the financing of retiree health benefits in the coal industry.[2] The Coal Act provides three vehicles for providing health care benefits to retired miners: (1) the United Mine Workers Association Combined Benefit Fund, which covers retirees and their dependents who were receiving benefits under the 1950 Trust and 1974 Trust as of July 20, 1992; (2) mandated individual employer plan ("IEP") coverage for employees who were receiving or who were eligible for benefits under an IEP as of February 1, 1993; and (3) the 1992 Plan, which covers retirees otherwise eligible for benefits but not receiving benefits through either of the first two vehicles. The 1992 Plan is required to administer lifetime health benefits to certain coal industry retirees and their dependents. 26 U.S.C. § 9712(b). The 1992 Plan is generally funded by premiums paid by the "last signatory operator," or last employer for whom the retirees worked under UMWA contract. 26 U.S.C. § 9701(c)(4). The Coal Act requires last signatory operators pay a monthly premium to the 1992 Plan for each retiree and dependent attributed to that operator. 26 U.S.C. § 9712(d)(1)(B). The Coal Act imposes funding obligations not only on responsible employers and operators, but jointly and severally on certain "related persons" -- businesses related to those operators by common ownership. 26 U.S.C. § 9701(c)(2)(A).

Bluestone Coal Corporation ("Bluestone Coal") is a West Virginia corporation that has been inactive for ten years. [Doc. 40 ¶2]. While in active operation, Bluestone Coal was an operator in the coal industry and was signatory to a series of National Bituminous Coal Wage

---

[2] For more comprehensive historical summaries of the 1992 Coal Act and its predecessors, see generally *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 444–45 (2002); *E. Enters. v. Apfel*, 524 U.S. 498, 504–15 (1998) (plurality opinion); *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 600–02 (4th Cir. 1999).

Agreements, beginning with the 1978 Agreement. [*Id.* ¶3].

Prior to his retirement, Kenny Dowell worked for Bluestone Coal in classified work under the NBCWA. [*Id.* ¶4]. His wife, Patsy Dowell, is an eligible dependent. [*Id.* ¶5; 26 U.S.C. § 9711(f)]. At all relevant times, the Dowells received their health benefits from the 1992 Plan. [*Id.* ¶6]. Bluestone Coal is the Dowells' last signatory operator. [*Id.* ¶7; 26 U.S.C. § 9701(c)(4)]. At all relevant times, Bluestone Coal received annual bills from the 1992 Plan for monthly per beneficiary premiums based on the Dowells' health benefits coverage under the 1992 Plan. [*Id.* ¶8; 26 U.S.C. § 9712(d)(1)(A)].

Keystone is a West Virginia corporation in good standing. [*Id.* ¶9]. It operated the Keystone #1 preparation plant, which has been idled for over ten years. [*Id.*]. Bluestone Industries is a West Virginia corporation in good standing and is the parent company to both Bluestone Coal and Keystone. [*Id.* ¶10]. Bluestone Industries has never been an operating company and has never been a signatory to a collective bargaining agreement. [*Id.*]. As of July 20, 1992, the relevant date for determining related persons under the Coal Act, Bluestone Industries owned 100% of the common stock of Bluestone Coal and Keystone. [*Id.* ¶11; 26 U.S.C. § 9701(c)(2)(B)]. The parties do not dispute that Keystone and Bluestone Industries are "related persons" to Bluestone Coal under the Coal Act. [*Id.* ¶12; 26 U.S.C. § 9701(c)(2)(A)(i)-(ii)].

Beginning July 15, 2017, Bluestone Coal ceased making payments on behalf of the Dowells to the 1992 Plan for monthly per beneficiary premiums. [*See id.* ¶13; Doc. 28-3, Samuel Rodriguez Decl. at 2]. From the period of July 15, 2017, through September 15, 2022, Bluestone Coal incurred unpaid monthly per beneficiary premiums in the amount of $100,396.92, in addition to interest and liquidated damages. [Rodriguez Decl. at 3]. These amounts continue to accrue. [*See* Doc. 40 ¶15].

Plaintiffs previously sought and obtained judgment in this District holding Defendants and other related persons liable for unpaid premiums and awarding damages. [*Id.* ¶14]. Specifically, Judge Faber granted summary judgment against Bluestone Coal and its related persons' as to liability. *Holland et al. v. Bluestone Coal Corp. et al.*, Civil Action No. 5:02-1454 (Sept. 30, 2004). Judge Faber subsequently awarded damages inclusive of the total unpaid premiums, interest, liquidated damages, and attorneys' fees and costs. *Holland et al. v. Bluestone Coal Corp. et al.*, Civil Action No. 5:02-1454 (Sept. 16, 2005).

On August 18, 2021, Plaintiffs instituted this action. [Doc. 1]. They seek payment of the principal premiums accrued from July 15, 2017, to-date and interest, liquidated damages, and attorney fees. On October 11, 2022, Plaintiffs filed the instant Motion for Summary Judgment. [Doc. 28]. Defendants responded on October 25, 2022 [Doc. 30], and Plaintiffs replied on November 1, 2022 [Doc. 31]. The matter is ready for adjudication.

## II.

*Federal Rule of Civil Procedure* 56 provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986). "The nonmoving party must do so by offering 'sufficient proof in the form of admissible evidence' rather than relying solely on the allegations of her pleadings." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)).

The Court must "view the evidence in the light most favorable to the [nonmoving]

party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks and citation omitted); *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018). "The court . . . cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *see Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment.

### III.

The material facts are not in dispute. The parties agree that Bluestone Coal is the Dowells' last signatory operator and Bluestone Industries and Keystone are related persons to Bluestone Coal under the Coal Act. As the last signatory operator, Bluestone Coal is liable for "the payment of a monthly per beneficiary premium . . . for each eligible beneficiary . . . receiving benefits under the [1992 Plan]." 26 U.S.C. § 9712(d)(1)(B), (d)(3). It is undisputed that Bluestone Coal has not paid premiums since July 15, 2017. As related persons, Bluestone Industries and Keystone are jointly and severally liable for all premiums owed by Bluestone Coal.

Nevertheless, Defendants oppose summary judgment. Specifically, they question Plaintiffs' "assumption" that each of its eligible retirees "could elect to rely on the 'backstop' and increase Defendants' liability to the 1992 Plan" and cite each Defendant's lack of corporate activity. [Doc. 30 at 2]. In addition, Defendants oppose an award of interest and liquidated damages and request any recovery be reduced because Plaintiffs "failed to mitigate [their] damages by waiting more than four years" to institute this action. [*Id.*].

Plaintiffs maintain (1) Defendants' concern whether the 1992 Plan is meant to serve

as a "backstop" to Bluestone Coal's employer-sponsored plan is irrelevant to a determination of the amount Defendants owe the 1992 Plan for unpaid premiums and related costs; (2) Defendants' lack of corporate activity does not bear on their remaining obligations to 1992 Plan beneficiaries; and (3) Defendants misinterpret the applicable statute of limitations. [Doc. 31 at 2–3].

Defendants' maintenance of an individual employer plan through which they provide benefits to other beneficiaries is irrelevant to a determination of their liability to beneficiaries covered by the 1992 Plan. It is clear from the plain language of the Coal Act that Congress intended the 1992 Plan to act as a catch-all -- or "backstop" -- for retirees otherwise eligible for, but not receiving, benefits from the two other vehicles outlined in the statute. *See Dist. 29, United Mine Workers of Am. v. United Mine Workers of Am. 1992 Ben. Plan*, 179 F.3d 141, 143 (4th Cir. 1999) (citing 26 U.S.C. § 9712; *Holland v. Double G Coal Co.*, 898 F. Supp. 351, 354 (S.D. W. Va. 1995) (the Coal Act's three-vehicle structure "points to the conclusion that the 1992 Benefit Plan is designed to 'backstop' the first two vehicles of health coverage and provide coverage for those who do not receive benefits under the Combined Fund or individual employer plans")). *See also Holland v. Consol Energy Inc.*, No. 20-1148 (TJK), 2022 WL 910347, at *1 (D.D.C. Mar. 29, 2022) ("[I]n essence, the Plan provides 'backstop' coverage to beneficiaries who, for whatever reason, do not receive the coverage they have a right to receive under § 9711."). Accordingly, Defendants concern whether each of its other eligible retirees could *elect* to rely on the "backstop" and increase Defendants' liability to the 1992 Plan appears misplaced.

In addition, the lack of corporate activity by Bluestone Industries and its subsidiaries is not dispositive. As the Second Circuit explained in *In re Olga Coal Co.*,

> The [Coal] Act provides that liability *to the Combined Fund or to IEPs* is limited to operators still "in business." *See* §§ 9706(a), 9711(a). Regarding the 1992 Plan, however, Congress extended liability to "1988 last signatory operators," § 9712(d)(1), and other "last signatory operators," § 9712(d)(3), with

>no language limiting liability to operators still "in business." This unambiguous textual distinction strongly suggests that Congress intended to exempt signatory operators no longer in business from the requirements of §§ 9706 and 9711, but not from § 9712.

159 F.3d 62, 66 (2d Cir.1998) (emphasis in original); *see also Holland v. Mate Creek Trucking Inc.*, No. 2:10-cv-01412, 2012 WL 75044, at *3 (S.D. W. Va. Jan. 10, 2012); *Holland v. Kitchekan Fuel*, 137 F. Supp. 2d 681, 686–87 (S.D. W. Va. 2001) (distinguishing dissolved corporations that are "dead" from those that are "dead and buried"). Likewise, the statute does not limit liability to "related persons" that are in business. Regardless, Defendants merely assert they are "inactive" without submitting any evidence to suggest they are no longer "in business" or dissolved. Such bare assertions do not shield them from their continuing obligations to 1992 Plan beneficiaries.

Defendants' suggestion that Plaintiffs failed to mitigate damages by waiting four years to initiate this action is unavailing. Section 9721 of the Coal Act adopts the statute of limitations set forth in Section 4301 of ERISA, which provides that an action to collect obligations from employers may not be brought after the *later* of:

>(1) 6 years after the date on which the cause of action arose, or
>
>(2) 3 years after the earliest date on which the plaintiff acquired or should have acquired actual knowledge of the existence of such cause of action; except that in the case of fraud or concealment, such action may be brought not later than 6 years after the date of discovery of the existence of such cause of action.

29 U.S.C. § 1451(f). *See also Holland v. Bibeau Construction*, 774 F.3d 8, 15–16 (D.C. Cir. 2014); *Holland v. N. Star Contractors, Inc.*, No. 2:06-cv-00692, 2008 WL 7019035, at *4 (S.D. W. Va. Mar. 4, 2008). The Supreme Court has further held that in collection matters under ERISA "each missed payment creates a separate cause of action with its own six-year limitations period." *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferber Corp.*, 522 U.S. 192, 195 (1997). Plaintiffs initiated this action when Bluestone Coal's *oldest* missed payment was approximately

four years old. Accordingly, Plaintiffs are well within the six-year limitations period as to all unpaid premiums.

Defendants' opposition to any additional award of interest, liquidated damages, and attorney fees is likewise unavailing. Section 502(g)(2) of ERISA provides that in an action to enforce an obligation arising under the Coal Act in which judgment is entered in favor of the plan, "the court *shall* award the plan" the unpaid contributions, interest, liquidated damages, and reasonable attorney fees and costs. 29 U.S.C. § 1132(g)(2) (emphasis added). In addition to the premiums, the Court must award interest, a sum equal to the interest or liquidated damages, whichever is greater, and reasonable attorney fees and costs because this action is brought by fiduciaries of the 1992 Plan. *Holland v. Keyrock Energy*, No. 5:06–cv–916, 2007 WL 3070492, at *3 (S.D. W. Va. Oct. 19, 2007) (citing relevant portions of the Coal Act and ERISA); *Holland v. Cardiff Coal Co.*, 991 F. Supp. 508, 518–19 (N.D. W. Va. 1997) (same). Defendants offer no support for their position beyond a vague equity framework. That approach is at odds with the unambiguous statutory commands. The former must yield.

IV.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment [**Doc. 28**]. The Court **FINDS** Defendants are liable to the 1992 Plan for unpaid premiums accrued from July 15, 2017, to date, with interest, and liquidated damages equal to 20% of the principal. Plaintiffs are **ORDERED** to submit **within thirty (30) days** of entry of this written opinion and order a final calculation of the total premiums, interest and liquidated damages accrued from July 15, 2017, to date. The Court also **FINDS** Plaintiffs are entitled by statute to attorney fees and costs. Plaintiffs are further **ORDERED** to tender within **thirty (30) days** an

```
```
itemized accounting of their attorneys' fees and costs. The parties are first **DIRECTED** to attempt, within the thirty-day period, to draw a proposed, agreed final judgment order addressing the relief to which Plaintiffs are entitled.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: May 18, 2023

Frank W. Volk
United States District Judge